**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FELTON L. MATTHEWS, JR.,

    Plaintiff,

    v.

MRS. TRAVIS et al.,

    Defendants.

3:15-cv-130-RCJ-WGC

**ORDER**

**I.   DISCUSSION**

Plaintiff is a prisoner proceeding *pro se.* Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, a motion to file extended complex complaint, and a motion for preliminary injunction. (ECF No. 1, 1-1, 1-2, 3). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff appears to allege his dissatisfaction with the medical staff, his

---

[1] *See Matthews v. Avants,* 2:01-cv-00474-RLH-LRL (failure to state a claim); *Matthews v. Avants*, 2:02-cv-00209-LRH-PAL (failure to state a claim); and *Matthews v. City of Henderson*, 3:02-cv-00538-HDM-RAM (failure to state a claim). The Court takes judicial notice of these cases.

sex offender classification, and his prison diet. (*See generally* ECF No. 1-2). With respect to his medical dissatisfaction, Plaintiff believes he should receive a second opinion from a specialist regarding his intestinal and genital pain even though the prison doctors believe his pain is psychosomatic. (*See generally* ECF No. 1-2; ECF No. 3). The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

The Court denies Plaintiff's motion for preliminary injunction (ECF No. 3) because the motion is based on the same allegations as his complaint.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the motion for preliminary injunction (ECF No. 3) is denied.

It is further ordered that the Clerk of the Court shall retain the complaint (ECF No. 1-1).

It is further ordered that the Court defers a decision on the motion to file an extended complaint (ECF No. 1-1) until the matter of the filing fee has been resolved.

Dated this 25th day of June, 2015.

_____
United States District Judge

2